EDWARDS, Judge.
Plaintiff, Otho C. Johnson, brought suit against defendant, Mario E. Calderon, seeking a determination of his rights under a lease between the two. Johnson also sought, and was granted, a stay order which prevented Calderon from attempting to evict Johnson for non-payment of rent. Calderon reconvened and sought both dismissal of the stay order and damages for what he claimed was an improperly granted injunction.
Following a hearing at which no testimony was recorded, the trial court dissolved Johnson’s stay order but refused to award damages to Calderon, citing LSA-C.C.P. Art. 532 as a bar. In addition, the minutes *615 reflect that the district judge reserved plaintiff’s right to seek a declaratory judgment under the lease.
Calderon appeals, reurging that what both the trial court and plaintiff called a stay order was, in actuality, a wrongfully granted injunction and that, under LSA-C. C.P. Art. 3608, he is entitled to damages.
Aside from the fact that LSA-C.C.P. Art. 3608 does not mandate, but merely permits, an award of damages for wrongfully issued injunctions, and aside from the fact that only appellant labels the stay order an injunction, it is obvious that this appeal must be dismissed. We do so on our own motion.
LSA-C.C.P. Art. 2083 permits appeals only from final judgments and from interlocutory judgments which may cause irreparable .injury. There has been no final judgment in this case, the trial court having reserved plaintiffs rights. Nor is there any possibility of irreparable harm, since appellant merely claims he should not have been denied $1,235.00 in damages. Defendant Calderon has simply appealed a garden variety interlocutory judgment, a procedure questioned by the district judge and not permitted by law.
For the foregoing reasons, the appeal taken by defendant, Mario E. Calderon, is dismissed and the case is remanded for further proceedings. All costs of this appeal are to be paid by appellant, Mario E. Calderon.
APPEAL DISMISSED. CASE REMANDED FOR FURTHER PROCEEDINGS.